UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL E. MEGGINSON,<br><br>                              Plaintiff,<br><br>          -against-<br><br>THE BRIDGE, INC.; DANNIELLA BELLE;<br>MAKIALA MYERS; CRYSTAL ULERIO;<br>DREAMLAND SECURITY CO.; YARAH<br>E.,<br><br>                              Defendants. | 21-CV-9626 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at West Facility on Rikers Island, brings this action *pro se*. He alleges that Defendants violated his federal constitutional rights when he was living in transitional housing provided by The Bridge, Inc., and he also asserts claims arising under state law. By order dated November 30, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Michael Megginson makes the following allegations. The Bridge, Inc. provides transitional housing and, in 2021, Plaintiff lived in one of its residences in Bronx County, New York.[2] Crystal Ulerio, who was employed by Dreamland Security, Co., was working as a security guard at the transitional living residence where Plaintiff resided.

In May 2021, Defendant Ulerio invited Plaintiff to her home in Queens County, New York, and "sign[ed him] out" of his transitional living residence. At her home, Defendant Ulerio gave Plaintiff food and drink with narcotics, which caused him to pass out, and she then had sexual intercourse with him. (ECF 2 at 4.) When Plaintiff woke up, she told him to keep this "on

---

[2] According to its website, accessed on December 3, 2021, The Bridge, Inc., describes itself as a 501(c)(3) not-for-profit organization. https://www.thebridgeny.org/financials

the low." (*Id.*) Plaintiff "was confused" and told social worker Dannielle Belle and "evening supervisor" Yarah E. about this, but they did not believe him. (*Id.* at 5.) Defendant Ulerio subsequently went to Plaintiff's apartment on other occasions while she was on duty to have sexual intercourse with him.

Eventually, staff at the transitional living residence noticed that Plaintiff "was never signed out in the log book," and Defendant Ulerio was investigated due to her "behavior around [Plaintiff]." (*Id.* at 6.) On July 9, 2021, Defendant Ulerio was fired. Staff from the Bridge, Inc., "notified the authorities" and officers from the New York City Police Department's 49th precinct escorted Ulerio off the grounds of the transitional living residence. Staff from the Bridge, Inc., also notified the "NY State Justice Center for people with disabilities." (*Id.*)

Plaintiff contends that staff "promoted abuse and neglected me by choosing to do nothing when [he] told them" about the security guard's conduct. (*Id.*) Plaintiff brings suit against the Bridge, Inc., "OMH Program Director" Danniella Belle; Social Worker Makiala Myers, "Evening Supervisor" Yarah E," Crystal Ulerio, and Dreamland Security Co. He asserts claims for violation of unspecified constitutional rights, and state law claims ("sexual abuse, neglect, and abuse"), seeking $5 million in damages.

## DISCUSSION

### A.    State Action

Plaintiff indicates that he is suing Defendants for violating his constitutional rights, and the Court therefore construes the complaint as asserting claims arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Section 1983's under-color-of-state-law requirement means that "merely private conduct, no

3

matter how discriminatory or wrongful," is excluded from its reach. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *United States v. Int'l. Bhd. of Teamsters*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").

Here, Plaintiff sues two entities, neither of which appears to have been acting on behalf of the government. The Bridge, Inc., is a private non-profit entity and Dreamland Security, Co., is a private company. The activity of a private entity can be attributed to the state in three situations: (1) where the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) where the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) where the state has delegated a public function to the entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012). The fact that an entity receives public funds, is subject to extensive regulation, or performs public contracts does not convert private action into state action. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982).

In analyzing whether a private entity acts under color of state law for purposes of Section 1983, a court first "identif[ies] the specific conduct of which the plaintiff complains." *Id.* Here, Plaintiff alleges that The Bridge, Inc., was providing him with voluntary supportive housing. District courts have consistently declined to find that such conduct qualifies as state action. *See, e.g., Murray v. New York City Dep't of Corr.,* No. 13-CV-7090 (KAM) (LB), 2016 WL 11395007, at *10 (E.D.N.Y. Aug. 18, 2016) ("[T]ransitional housing facilities, and the employees who work for them are not considered state actors under section 1983. . . . Even if New York City and state agencies regulate such facilities, or have contracted with the organizations to provide services to

former inmates and parolees, these contracts do not transform the private organizations or their employees into state actors."), *report and recommendation adopted*, 2016 WL 5928672 (E.D.N.Y. Sept. 30, 2016); *see also George v. Pathways to Housing, Inc.*, No. 10-CV-9505 (ER), 2012 WL 2512964, at *4 (S.D.N.Y. June 29, 2012) ("It is well established that the provision of low-cost supportive housing is not a 'public function.'"). Because Plaintiff does not plead facts showing that The Bridge, Inc. acted as a state actor in providing him with voluntary supportive housing, Plaintiff cannot state a Section 1983 claim against this defendant.

Plaintiff also does not plead any facts showing that, in providing security services to a transitional housing facility, Defendant Dreamland Security Co. was acting under color of state law. Plaintiff therefore also fails to state a Section 1983 claim against Defendant Dreamland Security Co.

The remaining defendants are individuals who are alleged to work for these private entities. Plaintiff describes Defendant Ulerio as an "ex-security guard" for Dreamland Security Co. He describes the other individual defendants as "case manager" Makiala Myers, and "evening supervisor" Yarah E, and provides addresses for both at The Bridge, Inc. These individuals are not alleged to have been acting on behalf of the government, and Plaintiff thus fails to state Section 1983 claims against Defendants Ulerio, Myers, and Yarah E. because they are not state actors.

Lastly, Plaintiff sues Defendant Danniella Belle and lists her title as "OMH Program Director." (ECF 2 at 3.) It is unclear if Plaintiff intends to indicate that Belle is an employee of the New York State Office of Mental Health, which is a government agency, rather than an employee of The Bridge, Inc., which is not. Plaintiff provides an address for Defendant Belle at The Bridge, Inc., and the Court concludes that Plaintiff's passing reference to "OMH" is

insufficient to plead that Defendant Belle is a state actor. Plaintiff's allegations therefore do not state a claim under Section 1983 against Defendant Belle, and the complaint thus fails to state a claim on which relief can be granted under Section 1983 against any defendant.

**B.      Due Process**

The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." Amdt. 14, § 1. Plaintiff's allegations that Defendants failed to protect him from assault could be liberally construed as a claim for a violation of his right to substantive due process under the Fourteenth Amendment. Even if Plaintiff amends his complaint to name as a defendant a state actor, Plaintiff should be aware that the Due Process Clause of the Fourteenth Amendment was enacted "to protect the people from the State, not to ensure that the State protected them from each other." *DeShaney v. Winnebago Cnty. Dep't of Soc. Svcs.*, 489 U.S. 189, 195-96 (1989).

The Constitution generally does not require "the State to protect the life, liberty, and property of its citizens against invasion by private actors," nor does it confer an "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 195-96 (1986) (addressing the substantive due process component of the Fourteenth Amendment Due Process Clause). The Court of Appeals for the Second Circuit has recognized two exceptions to this general principle:

> First, the state or its agents may owe a constitutional obligation to the victim of private violence if the state had a "special relationship" with the victim . . . . Second, the state may owe such an obligation if its agents in some way had assisted in creating or increasing the danger to the victim.

*Matican v. City of New York*, 524 F.3d at 155 (citation omitted).

Claims that fall within either of the above two exceptions also face an additional hurdle: The defendant's conduct must also be found to be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 848 n. 8 (1998)) (internal quotation marks omitted). In determining whether conduct shocks the contemporary conscience, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Lewis*, 523 U.S. at 849. By contrast, "negligently inflicted harm is categorically beneath the threshold." *Id.*

If Plaintiff files an amended complaint naming as defendant(s) one or more state actors, he must also allege, in order to state a substantive due process claim, that (1) he either had a special relationship with a defendant who is a state actor, or that such a defendant assisted in creating or increasing the danger to him, and (2) the defendant's conduct shocks the contemporary conscience because it was "intended to injure in some way," rather than simply negligent. *Lewis*, 523 U.S. at 849.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). It is unclear if Plaintiff might be able to allege facts showing that one or more defendants qualifies as a state actor for purposes of a

Section 1983 claim. The Court therefore grants Plaintiff leave to replead to state a claim under Section 1983 that one or more defendants, acting under color of state law, violated his constitutional rights.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-9626 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, (1) Plaintiff's Section 1983 claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted; and (2) the Court will decline to exercise supplemental jurisdiction over his state law claims, which will be dismissed without prejudice to Plaintiff's pursuing them in state court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 22, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

\_\_\_\_\_CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                              State                Zip Code

_____

Telephone Number                         Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.