UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL E. MEGGINSON,

                Plaintiff,

      -against-

THE BRIDGE INC.; DANNIELLA BELLE; MAKIALA MYERS, CRYSTAL ULERIO; DREAMLAND SECURITY CO.; YARAH E.,

                Defendants.

---

21-cv-9626 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

    The plaintiff, who is currently detained at West Facility on Rikers Island, brings this pro se action under 42 U.S.C. § 1983. The Court deems the original and amended complaints, ECF Nos. 2, 6, together to be the operative complaint. The plaintiff, who has an unspecified disability, alleges that while he was in supportive housing, he told Danniella Belle, the New York State Office of Mental Health ("OMH") Program Director, and others that Crystal Ulerio, a security guard who worked at the facility, had sexually assaulted him. He further alleges that the defendants did not believe him and failed for some time to act to stop further assaults at the facility.

By order dated November 30, 2021, Chief Judge Swain granted the plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis.[1] ECF No. 4.

**DISCUSSION**

Because the plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, the plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, the plaintiff should request an extension of time for service. See Meilleur v.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

2

Strong, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); see also Murray v. Pataki, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow the plaintiff to effect service on the defendants, The Bridge, Inc., Danniella Belle, Makiala Myers, "Yarah E," Dreamland Security Co., and Crystal Ulerio, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

The plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if the plaintiff fails to do so.

CONCLUSION

The Court deems the original and amended complaints (ECF 2, 6) together to be the operative complaint. The Clerk of Court is instructed to issue summonses for the defendants, complete the USM-285 forms with the addresses for the defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
    New York, New York
    April 8, 2022

JOHN G. KOELTL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. The Bridge, Inc.
   912 Amsterdam Ave
   New York, NY 10025

2. Danniella Belle, OMH Program Director
   140 Waters Place
   Bronx, NY 11374

3. Makiala Myers, Case Manager
   140 Waters Place
   Bronx, NY 11374

4. Crystal Ulerio
   233 West 231st Street, #6R
   Bronx, NY 10462

5. Dreamland Security Co.
   369 E 149th St #3rd
   Bronx, NY 10455

6. Yarah E.
   140 Waters Place
   Bronx, NY 11374